

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFF HOHLBEIN, | 3:08-cv-00347-BES-VPC |
| Plaintiff, | |
| v. | ORDER |
| MARSTON, INC., d/b/a/ "THE GENERAL STORE," UTAH LAND RESOURCES LLC, and DOES ONE through FIFTY, inclusive, | |
| Defendants. | |

On January 23, 2009, Defendants filed a Motion for Summary Judgment (#12). Plaintiff Jeff Hohlbein ("Hohlbein") filed an Opposition (#15) on February 24, 2009 and Defendants did not file a reply. On June 3, 2009, Plaintiff filed a Motion for Summary Judgment (#16). Defendants did not file an opposition, nor did they seek an extension of time in which to do so. Accordingly, Hohlbein filed a Reply (#17) on June 25, 2009, in which he requests that judgment be entered against Defendants on the grounds that Defendants failed to oppose the summary judgment motion, no genuine issues of material fact remain to be resolved, and Plaintiff is entitled to judgment as a matter of law.

I. BACKGROUND

Plaintiff uses a wheelchair due to a condition known as fibrodysplasia ossificans progress. On March 23, 2008, Plaintiff visited The General Store, a small convenience store and gas station located in Moundhouse, Nevada, and encountered a restroom that was inaccessible to persons with disabilities, as well as other accessibility barriers. Based on this

alleged denial of full and equal access to a public accommodation, on June 24, 2008 Plaintiff filed a Complaint against Defendants, the property owner and operator of The General Store, seeking to enjoin them from violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. According to Hohlbein, Defendants have violated the ADA by failing to remove the architectural barriers to access which were encountered when he visited The General Store.

## II. ANALYSIS

### A. Legal Standards

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978); see also Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." Blue Ridge Insurance Co. v. Stanewich, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under Local Rule 7-2(d). However, the absence of opposition to a motion for summary judgment does not change the moving party's burden of proof. See Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995). "A nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." Martinez v. Stanford, 323 F.3d 1178, 1181 (9th Cir. 2003). The Court has fully considered Plaintiff's Motion for Summary Judgment, the evidence presented, and applicable law. Plaintiff has affirmatively demonstrated his entitlement to summary judgment by showing that there is no genuine issue of material fact and he is entitled to judgment as a matter of law as to the allegations made against Defendants. As such, Plaintiff's Motion for Summary Judgment is granted and Defendants' Motion for Summary Judgment is denied.

**B.     Plaintiff's ADA Claim**

Title III of the ADA prohibits places of public accommodation from discriminating against disabled individuals. 42 U.S.C. § 12182(a). The ADA prohibits many specific types of discrimination, including the "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). If a place of public accommodation fails to remove architectural barriers where such removal is readily achievable, the ADA provides

for a private right of action. 42 U.S.C. § 12188(a)(1). Only injunctive relief is available as a remedy under Title III of the ADA, including an injunction requiring the defendant to alter facilities to make such facilities "readily accessible to and usable by persons with disabilities," or, where appropriate, "requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods." 42 U.S.C. § 12188(a)(2).

Defendants move for summary judgment on the grounds that: (1) Plaintiff's ADA claim has been resolved because the alleged architectural barriers have been remedied; and (2) the Court should not award attorney's fees to Plaintiff in this case. However, Defendants have presented no evidence to support their contention that the barriers identified by Plaintiff have been removed. Furthermore, in support of his summary judgment motion, Plaintiff submits the declaration and expert witness report of C. Jeffery Evans, identifying the barriers existing at The Grocery Store as of February 18, 2009. (Motion (#16), Ex. 1 of Ex. C). The Court finds that the barriers identified by Plaintiff's expert constitute violations of the ADA. Plaintiff also provides evidence that Defendants have conceded that removal of all barriers to access is readily achievable. (Motion (#16), Ex. E).

Defendants have not presented any evidence from which a reasonable trier of fact could determine that removing the identified barriers to access is not readily achievable. For the foregoing reasons, there is no genuine issue of material fact as to whether Defendants have violated the ADA by failing to remove the barriers. Accordingly, the Court grants Plaintiff's request for an injunction requiring Defendants to remove the barriers to accessibility at The Grocery Store.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#16) is GRANTED. Accordingly, Plaintiff's request for injunctive relief is GRANTED and Defendants are ordered to remove the barriers to accessibility identified by Plaintiff's expert within ninety days of the entry of judgment.

IT IS FURTHER ORDERED that Defendants' Motion for Summary (#12) is DENIED. The clerk of the court shall enter final judgment accordingly.

DATED: This 30th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE