# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFF HOHLBEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:08-cv-00347-RCJ-VPC |
| vs. ) | |
| ) | |
| UTAH LAND RESOURCES LLC et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

Plaintiff is a disabled person who uses a wheelchair.  He sued Defendants in this court under the Americans with Disabilities Act of 1990 ("ADA") to require them to remove certain architectural barriers at The General Store in Mound House, Nevada. (Compl., June 24, 2008, ECF No. 1).  The parties filed cross motions for summary judgment, and the Hon. Brian E. Sandoval granted summary judgment to Plaintiff because Defendants failed to respond to his motion. (Order, June 31, 2009, ECF No. 18).  Plaintiff then moved for attorney's fees of $13,997.50 and costs of $8464.80, $7889.80 of which constituted an expert witness fee.  The Court awarded attorney's fees of $6362.50 and costs of $575. (Order, Nov. 17, 2009, ECF No. 34).  Plaintiff appealed the partial denial of attorney's fees and costs.  The Court of Appeals vacated and remanded for the Court to reconsider the reduced fee award generally and the denial of expert witness fees in particular.

The Court now reconsiders and grants $6362.50 in attorney's fees and $1575 in costs. The Court of Appeals notes that the failure of a plaintiff to engage a defendant in pre-litigation

1  notice is not a valid reason to deny attorney's fees in an ADA case. *See Jankey v. Poop Deck*,
2  537 F.3d 1122, 1131 (9th Cir. 2008). However, it is a "permissible consideration . . . if it is
3  specifically connected to a reason why the lawsuit, once filed, would have been resolved more
4  cheaply." *Id.* at 1133. At oral argument on the motion, counsel disputed whether Defendants had
5  ever received the letter Plaintiff claimed to have sent them, but counsel for Defendants noted that
6  Defendants immediately commenced compliance efforts upon receiving notice of the lawsuit.
7  Ultimately, the Court granted $125 per hour for 50.9 hours of attorney labor, not the $275 per
8  hour requested. The Court still believes, without considering the lack of pre-litigation notice,
9  that $125 per hour is a reasonable fee. The Court is acutely aware, as is the Court of Appeals, no
10 doubt, of the potential for abuse of the ADA for profit by law firms, at the unnecessary expense
11 of defendants and ultimately to the detriment of the disabled. In this case, Defendants quickly
12 complied with the ADA when sued, even to the point that their very livelihood was threatened
13 by the compliance costs alone. It would defeat the very purpose of the ADA—which is to
14 provide access to disabled persons to places of public accommodation—for those places of
15 public accommodation to close their doors due to legal fees incurred in ostensibly compliance-
16 driven lawsuits. The attorney's fees provision of the ADA is intended to facilitate lawsuits by
17 the disabled, but it is not meant to serve an *in terrorem* or punitive function, particularly not
18 against defendants who voluntarily attempt to comply in good faith immediately after receiving
19 notice of suit. An award of $14,000 would perhaps be appropriate against a large business
20 entity, but it would be unjust in a case like this one where a relatively small establishment may
21 be significantly harmed even by the costs of compliance alone. *See Barrios v. Cal.*
22 *Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). Such an award might result in the
23 inability of Defendant to continue to operate, which would not only result in an excessive
24 punishment against a party that is only strictly liable for technical violations, and not culpable of
25 bad behavior, but it would also defeat the purpose of an ADA enforcement action because

1  neither Plaintiff nor any other disabled person would be able to utilize the establishment if it
2  went bankrupt due to compliance costs.
3      Second, the expert witness fee is unreasonable.  It does not require a land-use and zoning
4  expert to measure parking spaces, doorways, and wash basin heights or to demonstrate that a
5  doorway, stairway, etc., is inaccessible by a person in a wheelchair.  It requires some amount of
6  labor to take the relevant measurements, but $8000 is an unreasonable bill both because the
7  expert Plaintiff utilized was unreasonably overqualified and because the expert billed
8  unreasonably even in light of his qualifications.  The measurements and resulting report together
9  should not have taken more than a day of work, and the expert's affidavit indicates that he in fact
10 completed the site inspection in a single day.  The Court finds the use of this expert was
11 reasonable to the extent it was necessary for Plaintiff to identify and obtain the relevant
12 measurements to prove his case as pled in the Complaint.  The Court awards $1000 in expert
13 witness fees as part of the costs.

**CONCLUSION**

15     IT IS HEREBY ORDERED that attorney's fees are AWARDED in the amount of
16 $6362.50, and costs are AWARDED in the amount of $1575.
17     IT IS SO ORDERED.
18     Dated this 26th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge